

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Mrs. Willie O'Neal
County Auditor
Carson County
Panhandle, Texas

Dear Mrs. O'Neal:

Opinion No. O-2201
Re: Jails

Your request for opinion upon the following questions:

"1. Is it lawful for the county to build and maintain jails at other places in the county than the county seat?

"2. Is it lawful for the county to assist in the construction and equipment of a jail, the title to which will be in an incorporated city?"

has been received and carefully considered by this department.

Article 5115, Revised Civil Statutes of Texas, reads as follows:

"The commissioners' court shall provide safe and suitable jails for their respective counties, and shall cause the same to be kept in good repair. They shall see that the jails of their respective counties are kept in a clean and healthy condition, properly ventilated, and not over-crowded with prisoners, and that they are furnished with clean and comfortable mattresses and blankets sufficient for the comfort of the prisoners. When there is no jail in a county, the sheriff may rent a suitable house and employ guards, the expense to be paid by the proper county."

This department has repeatedly held that the commissioners' court has authority to build and maintain jails at

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Mrs. Willie O'Neal, Page 2

places in the county other than the county seat. See opinion
No. O-14 of this department, dated January 6, 1939, and
opinion dated January 28, 1928, written by Hon. E. Grady
Chandler, Assistant Attorney General, addressed to Honorable
C. D. Works, County Attorney, Stinnett, Texas, Letter Opinions
of the Attorney General of Texas.

Your first question is therefore answered in the
affirmative.

The commissioners' court is a court of limited power
and jurisdiction, and has no powers or duties except those
which are clearly set forth and defined in the Constitution
and statutes. The statutes have clearly defined the powers,
prescribed the duties, and imposed liabilities of the com-
missioners' court, the medium through which the different
counties act, and from these statutes must come all of the
authority vested in the county. Tex. Jur., Vol. 11, p. 563;
Edwards County vs. Jennings, 33 S.W. 585.

We quote from Texas Jurisprudence, Vol. 11, p. 632,
as follows:

"The authority of the commissioners' court
as the governing body of a county to make contracts
in its behalf is strictly limited to that conferred
either expressly or by fair or necessary implication
by the constitution and laws of this state. If the
commissioners' court acts without authority in mak-
ing a contract, the county is not bound by its action
. . . ."

Article 4434, Revised Civil Statutes, reads as fol-
lows:

"Co-operation-The numicipal authorities
of towns and cities, and commissioners' courts
of the counties wherein such towns and cities
are situated, may co-operate with each other in
making such improvements connected with said
towns, cities and counties as said authorities,
and courts may deem necessary to improve the pub-
lic health and to promote efficient sanitary
regulations; and by mutual arrangement, they may
provide for the construction of said improvements

and payment therefor."

Article 2356, Revised Civil Statutes, reads as
follows:

"Said court may erect bridges within the
corporate limits of any city or town to the same
extent and under the same conditions now pre-
scribed by law for the construction of bridges
outside the limits of any city or town. Said
court and the governing body of any city or town
may co-operate in the erection of a bridge with-
in the corporate limits of a city or town, and
jointly erect such bridge upon terms and condi-
tions mutually agreed upon; and either or both
the city and county may issue its bonds to pay
its proportionate part of the debt by complying
with the requirements of the law regulating the
issuance of bonds by counties and cities and
towns."

Article 4492, Revised Civil Statutes, reads as fol-
lows:

"Any commissioners' court may co-operate
with and join the proper authorities of any
city having a population of ten thousand per-
sons or more in the establishment, building,
equipment and maintenance of a hospital in
said city, and to appropriate such funds as
may be determined by said court, after joint
conference with the authorities of such city or
town, and the management of such hospital shall
be under the joint control of such court and
city authorities."

Opinion No. 0-1000 of this department holds that the
commissioners' court of Upshur County cannot legally enter
into a partnership agreement with the city of Gilmer to pur-
chase a motor grader for road and street repair work.

Obviously, if the title to the jail described in
your letter is in an incorporated city, then said jail would
be a "city jail" and not a "county jail."

Mrs. Willie O'Neal, Page 4

The above quoted statutes specifically authorize contracts between counties and cities for specific purposes therein stated; however, after a diligent search of the statutes we do not find any statute authorizing the commissioners' court to expend county funds for the construction or equipment of a city jail nor have we found any statute which would authorize the commissioners' court to enter into a contract and partnership with a city and expend county funds for the construction and equipment of a city-county jail.

Your second question is therefore answered in the negative.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Wm. J. Fanning
Assistant

WJF:AW

APPROVED APR 17, 1940
s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

WFJ:nw